AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

BOND CC OAKLAND, LLC,

V.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 5671

LYNCH

TO: (Name and address of Defendant)

WESTCHESTER SURPLUS LINES INSURANCE COMPANY
c/o MARK G. IRWIN
500 COLONIAL CENTER PKWY
ROSWELL GA 30076

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

JUN 24 2008

J. MICHAEL McMAHON
CLERK                                                    DATE

_Catherine Lapsley_
(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BOND CC OAKLAND, LLC,

                      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

                      Defendant.
-----------------------------------------------------------------x

Case No: 08 CV 5671

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED
JUN 2 4 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff BOND CC OAKLAND, LLC ("BOND CC"), by and through its undersigned counsel, alleges as follows:

## NATURE OF THE CASE

1. This is an action to enforce an insurance policy for expenses of remediating soil and groundwater contamination at the premises of BOND CC.

2. BOND CC brings this action for declaratory judgment, breach of contract, bad faith breach of the implied covenant of good faith and fair dealing, and ancillary relief against WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER") under a Remediation Expense Containment and Premises Pollution Liability Insurance Policy (the "Insurance Policy") issued by WESTCHESTER to BOND CC, which provides coverage for expenses of remediating pollution conditions at the former Cox Cadillac Facility located at 230 Bay Place, Oakland, California (the "Covered Location"). A true and correct copy of the Insurance Policy (including declarations and endorsements) is attached hereto as **Exhibit A**.

3. BOND CC seeks damages against WESTCHESTER for breach of contract under the Insurance Policy because: (i) WESTCHESTER has failed or refused to meet its obligations to

1

reimburse remediation costs and excess remediation costs that BOND CC has incurred in remediating soil and groundwater contamination from lifts and drains at the Covered Location, and consulting fees that BOND CC paid LFR Levine Fricke, an environmental management and consulting engineering firm, for the lifts and drains work ("LFR fees" or "consulting fees"); and (ii) WESTCHESTER engaged in other breaches of insuring obligations, including the implied covenant of good faith and fair dealing.

4. BOND CC seeks a declaratory judgment that WESTCHESTER is obligated, pursuant to the terms of the Insurance Policy, to reimburse all remediation costs and excess remediation costs that BOND CC has incurred in remediating soil and groundwater contamination from lifts and drains at the Covered Location, as well as consulting fees that BOND CC paid for the lifts and drains work.

5. BOND CC also seeks a declaration as to its rights under the Insurance Policy, in accordance with the contractual provisions of the Insurance Policy, insuring obligations implied or imposed by law, and BOND CC's reasonable expectations.

6. Since September, 2006, BOND CC has put WESTCHESTER on notice of and has tendered to WESTCHESTER claims for reimbursement of BOND CC's costs and expenses of remediating soil and groundwater contamination from lifts and drains at the Covered Location, as well as consulting fees that BOND CC paid for the lifts and drains work.

7. Despite BOND CC's timely notice and tender of claims for reimbursement, WESTCHESTER has failed or refused to reimburse, and failed or refused to agree to reimburse BOND CC's costs and expenses of remediating soil and groundwater contamination from lifts and drains at the Covered Location, and the LFR fees that BOND CC paid for the lifts and drains work. By its actions, or refusal to act, WESTCHESTER has deprived BOND CC of the

protection it sought when it paid substantial premiums. Moreover, the actions, or failures to act, of WESTCHESTER are in violation of the applicable insurance law of the State of New York.

8. BOND CC further seeks statutory and other remedies pursuant to New York statutory law and any other applicable state statutory law, rule, or regulation.

9. BOND CC has performed all acts necessary under the Insurance Policy identified in this complaint, specifically including, without limitation, payment of premiums and notice and tender of claims, which have been satisfied, among other things, by and through the filing of this complaint. All conditions to WESTCHESTER's performance have been satisfied or performed by BOND CC, or deemed satisfied, or their performance is or has been waived or excused by the conduct of WESTCHESTER or by operation of law.

10. BOND CC, under contractual obligations to third parties, has incurred substantial expenses of remediating soil and groundwater contamination from lifts and drains at the Covered Location, and consulting fees for the lifts and drains work. BOND CC's unreimbursed expenses and fees exceed $75,000, exclusive of interest and costs, and BOND CC's damages are continuing and increasing. BOND CC contends that these expenses and fees are covered in full by the Insurance Policy issued by WESTCHESTER. WESTCHESTER disputes its insuring obligations to BOND CC.

11. BOND CC has tendered claims for reimbursement to WESTCHESTER and demanded payment under the Insurance Policy. WESTCHESTER has refused to reimburse BOND CC's expenses of remediating soil and groundwater contamination from lifts and drains at the Covered Location, and the LFR fees, as required under the explicit contract terms and have otherwise breached the contract of insurance it sold or issued to BOND CC.

## JURISDICTION

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332(a) because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states. Additionally, pursuant to the terms of the Insurance Policy, WESTCHESTER agreed to submit to the jurisdiction of any state or federal court sitting in the State of New York and agreed that all claims in respect of any action arising out of or relating to the Insurance Policy shall be heard in such court.

## VENUE

13. Venue is proper in this District pursuant to 28 U.S.C. 1391(a) and (c) because WESTCHESTER is subject to this Court's personal jurisdiction, and pursuant to the terms of the Insurance Policy under which WESTCHESTER consented to venue in any state or federal court sitting in the State of New York and waived any potential defense based on venue or inconvenience of this forum.

## PARTIES

14. BOND CC is a limited liability company incorporated under the laws of Delaware. BOND CC has a sole member who is domiciled in the State of California.

15. WESTCHESTER is an insurance company incorporated under the laws of Georgia with its principal place of business in Philadelphia, Pennsylvania.

## THE INSURANCE POLICY

16. WESTCHESTER issued a Remediation Expense Containment and Premises Pollution Liability Insurance Policy (Policy No. G21744475) to BOND CC for the period of September 19, 2003 through September 19, 2008.

17. BOND CC is one of the insureds named under the Insurance Policy.

18. The Insurance Policy consists of multiple-page contracts, declarations, and endorsements composed of printed or typed forms. Section I.A. of the Insurance Policy under which relief is sought herein provides, among other things, that the insureds, including BOND CC, are entitled to receive the benefits of the Insurance Policy by being reimbursed by WESTCHESTER for costs and expenses that the insureds incur in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location, provided that such pollution conditions are first discovered during the policy period and are not the subject of or related to the "Remediation Work Plan" or "Revised Remediation Work Plan" (which are defined by the Insurance Policy) or any work done or to be done under any such plan.

19. Within the policy period, soil and groundwater contamination from lifts and drains at the Covered Location was first discovered. The remediation of soil and groundwater contamination from lifts and drains at the Covered Location is neither the subject of nor related to the "Remediation Work Plan" or "Revised Remediation Work Plan" or any work done or to be done under any such plan.

20. Within the policy period, BOND CC incurred costs and expenses in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location. The aforesaid remediation costs and expenses are covered by the Insurance Policy issued by WESTCHESTER, and do not come within any exception to or exclusion from coverage.

21. WESTCHESTER is obligated to pay or reimburse in full BOND CC's costs and expenses in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location, but has failed or

refused to fully honor or undertake its contractual obligations to BOND CC.

22. Section I.A. of the Insurance Policy also covers consulting fees that the insureds, including BOND CC, pay for remediation work, such as the lifts and drains work.

23. Within the policy period, BOND CC paid substantial consulting fees for the lifts and drains work.

24. WESTCHESTER is obligated to reimburse in full consulting fees that BOND CC paid for the lifts and drains work, but has failed or refused to fully honor or undertake its contractual obligations to BOND CC.

25. WESTCHESTER has denied BOND CC'S claims for reimbursement on the ground that section I.G. of the Insurance Policy applies. Section I.G. provides coverage for "excess remediation costs"— expenses that the insureds, including BOND CC, incur in excess of the applicable self-insured retention amount for remediating pollution conditions identified in the "remediation plan," provided that such pollution conditions are first discovered during the implementation of the "remediation plan," and that "excess remediation costs" are approved in advanced by WESTCHESTER in writing.

26. Within the policy period, BOND CC incurred and became entitled to the reimbursement of Remediation Costs in excess of the applicable self-insured retention for coverage under Section I.A. of the Insurance Policy. The aforesaid Remediation Costs are covered by the Insurance Policy issued by WESTCHESTER, and do not come within any exception to or exclusion from coverage.

27. WESTCHESTER was obligated to act reasonably upon BOND CC's request for its prior written approval of remediation costs and is obligated to reimburse in full remediation costs incurred by BOND CC, but has failed or refused to fully honor or undertake its contractual

obligations to BOND CC. Specifically, WESTCHESTER unreasonably withheld its approval of remediation costs, even though BOND CC gave advance notice of those costs. Furthermore, WESTCHESTER has refused to count towards the applicable self-insured retention amount BOND CC's costs and expenses of remediating soil and groundwater contamination from lifts and drains at the Covered Location. As a result, WESTCHESTER has, in effect, provided BOND CC with no coverage under any circumstance and has eschewed, in bad faith, its insuring obligations under the Insurance Policy.

28. BOND CC has satisfied, shall be deemed to have satisfied, or has been or shall be relieved from satisfying, by operation of law or by virtue of WESTCHESTER's conduct, all terms and conditions of the Insurance Policy, including, without limitation, payment of premiums and notice and tender of claims, and are entitled to the benefits provided by the Insurance Policy.

29. An actual controversy exists between BOND CC and WESTCHESTER concerning their respective rights and obligations under the Insurance Policy, including, without limitation, the enforceability of contractual obligations, limitations, or exclusions in any contract of insurance, including, without limitation, any provision purporting to limit WESTCHESTER's aggregate or per occurrence limits of liability, purporting to set forth any applicable self-insured retention amount, purporting to exclude certain types of damages, or purporting to impose a duty on the insureds to cooperate or to mitigate damages, or to give notice of occurrence or claims.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

30. BOND CC repeats and realleges paragraphs 1 through 29 as though fully set forth herein.

31. BOND CC has timely and properly notified WESTCHESTER of: (i) remediation

of soil and groundwater contamination from lifts and drains at the Covered Location; and (ii) the LFR fees that BOND CC paid for the lifts and drains work. Further, BOND CC has timely tendered claims for reimbursement of the LFR fees, as well as remediation costs and excess remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount(s) under the Insurance Policy.

32. WESTCHESTER has failed and refused to fully investigate, and to fully acknowledge its insuring agreements with BOND CC, and/or to fully reimburse or pay for: (i) remediation costs and excess remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount(s) for remediating soil and groundwater contamination from lifts and drains at the Covered Location; and (ii) the LFR fees that BOND CC has paid for the lifts and drains work.

33. By its failure and refusal to fully investigate, to fully acknowledge its insuring obligations to BOND CC, and/or to fully reimburse BOND CC's remediation costs and excess remediation costs and the LFR fees that BOND CC has paid for the lifts and drains work, WESTCHESTER has breached its contract of insurance with BOND CC.

34. As a direct result of the foregoing breaches of contract, BOND CC has suffered, and is entitled to recover money damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
(Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing)

35. BOND CC repeats and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The Insurance Policy issued by WESTCHESTER contains an implied covenant of good faith and fair dealing which imposes upon WESTCHESTER an obligation to act fairly and in good faith with BOND CC by promptly investigating any claims and to avoid unfairly

denying BOND CC the benefits to which it is entitled under the Insurance Policy.

37. WESTCHESTER knew, or in the exercise of good faith reasonably should have known, that BOND CC was entitled to recover: (i) remediation costs and excess remediation costs it has incurred in excess of the applicable self-insured retention amount(s) for remediating soil and groundwater contamination from lifts and drains at the Covered Location; and (ii) the LFR fees that it paid for the lifts and drains work. Moreover, WESTCHESTER knew, or in the exercise of good faith reasonably should have known, that it was legally obligated to provide BOND CC with the aforesaid benefits under the Insurance Policy.

38. WESTCHESTER further knew, or in the exercise of good faith reasonably should have known that all of the aforementioned policy benefits were due and payable to BOND CC. WESTCHESTER nevertheless maliciously, intentionally, and oppressively conducted itself and willfully and wrongfully failed and refused to pay the policy benefits to BOND CC, despite the fact that the policy benefits were due and payable to BOND CC and the BOND CC was entitled to the benefits under the Insurance Policy.

39. WESTCHESTER's actions in withholding and refusing to pay the policy benefits were unreasonable and in bad faith.

40. As a direct result of WESTCHESTER's breaches of the implied covenant of good faith and fair dealing, BOND CC has been denied the receipt of its benefits under the Insurance Policy and is entitled to recover money damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
(Declaratory Judgment)

41. BOND CC repeats and realleges paragraphs 1 through 40 as though fully set forth herein.

42. BOND CC seeks a declaration that WESTCHESTER is obligated, pursuant to the

terms of its insurance contract with BOND CC, to provide coverage for expenses of remediating pollution conditions at the Covered Location. Specifically, BOND CC seeks a declaration:

(a) That WESTCHESTER is required to pay or reimburse remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location;

(b) That WESTCHESTER is required to pay or reimburse excess remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location; and

(c) That WESTCHESTER is required to pay or reimburse consulting fees that BOND CC has paid for the lifts and drains work.

43. The foregoing declarations are based on the language of WESTCHESTER's insurance contracts that are the subject of this action. These policies require WESTCHESTER to pay or reimburse all sums that its insureds, including BOND CC, have incurred in excess of the applicable self-insured retention amount(s) for remediating soil and groundwater contamination from lifts and drains at the Covered Location. These declarations are also based on the reasonable expectations of BOND CC and on insuring obligations implied or imposed by law.

## PRAYER FOR RELIEF

**WHEREFORE**, BOND CC demands judgment as follows:

A. With respect to the first and second claims:

(1) For monetary damages according to proof at trial and an order that WESTCHESTER is thereby estopped from and has waived its ability to enforce any contractual obligation or provision running in its favor, including, without limitation, any purported

contractual obligation, limitation, or exclusion on the limits of liability;

    (2) Pre-judgment and post-judgment interest; and

    (3) Attorney's fees and costs;

B. With respect to the second claim:

    (1) For monetary damages according to proof at trial;

    (2) For punitive or exemplary damages; and

    (3) Attorney's fees and costs;

C. With respect to the third claim:

For a declaration and order to the effect that:

    (1) WESTCHESTER is required to pay or reimburse remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location;

    (2) WESTCHESTER is required to pay or reimburse excess remediation costs that BOND CC has incurred in excess of the applicable self-insured retention amount for remediating soil and groundwater contamination from lifts and drains at the Covered Location; and

    (3) WESTCHESTER is required to pay or reimburse consulting fees that BOND CC has paid for the lifts and drains work;

D. On all claims:

    (1) Such orders, including injunctive relief, as are necessary to effectuate this Prayer for Relief or to preserve this Court's jurisdiction over the parties and issues herein; and

(2) Such other and further relief as this Court deems just and proper.

### JURY TRIAL DEMANDED

BOND CC demands a trial by jury of any and all issues so triable.

Dated: New York, New York
June 23, 2008

Respectfully submitted,

SCHLAM STONE & DOLAN LLP

By _____
Jeffrey M. Eilender
Andrew S. Harris
26 Broadway
New York, New York 10004
Telephone: 212-344-5400
Facsimile: 212-344-7677

-and-

FREEDMAN & TAITELMAN, LLP

Michael S. Taitelman
Rick Xia
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
Telephone: 310-201-0005
Facsimile: 310-201-0045

*Attorneys for Plaintiff*