UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BOND CC OAKLAND, LLC,                                    Case No.: 08-cv-5671 (GEL)

        Plaintiff,

     v.                                                              **ANSWER**

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

        Defendant.
-----------------------------------------------------------x

      WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WSLIC"), by

and through its attorneys Traub Lieberman Straus & Shrewsberry LLP, for its answer to

plaintiff's complaint, states as follows:

## NATURE OF THE CASE

      1.     Paragraph "1" of the Complaint does not state an allegation against

WSLIC for which a response is required.

      2.     With respect to paragraph "2" of the Complaint, admits only that WSLIC

issued a Remediation Expense Containment and Premises Pollution Liability Insurance

Policy (the "Policy"), the terms of which speak for themselves, otherwise points out that

paragraph "2" of the Complaint does not state an allegation against WSLIC for which a

response is required.  WSLIC denies the truth of any allegations that imply that WSLIC

acted improperly.

      3.     With respect to paragraph "3" of the Complaint, WSLIC denies the truth

of the allegations that it failed or refused to meet its obligations to Bond as required under

the Policy, or that it otherwise breached any other insuring obligation, either under the

Policy or under applicable law.

4.    Paragraph "4" of the Complaint does not state an allegation against WSLIC for which a response is required. WSLIC denies the truth of any allegations that imply that WSLIC acted improperly.

5.    Paragraph "5" of the Complaint does not state an allegation against WSLIC for which a response is required.

6.    In response to paragraph "6" of the Complaint, admits only that Bond has submitted for payment under the Policy various invoices relating to soil and groundwater contamination at the Covered Location, including invoices relating to lifts and drains at the Covered Location and including consulting fees relating to work at the Covered Location.

7.    Denies the truth of the allegations as set forth in paragraph "7" of the Complaint.

8.    Paragraph "8" of the Complaint does not state an allegation against WSLIC for which a response is required. WSLIC denies the truth of any allegations that imply that WSLIC acted improperly.

9.    Denies the truth of the allegations as set forth in paragraph "9" of the Complaint.

10.    In response to paragraph "10" of the Complaint, WSLIC admits only that Bond has incurred expenses in connection with remediating soil and groundwater contamination from lifts and drains at the Covered Location and that Bond contends such costs under the Policy. In further response to paragraph "10" of the Complaint, WSLIC denies the truth of any allegations that imply that WSLIC acted improperly.

2

11.    In response to paragraph "11" of the Complaint, WSLIC admits only that Bond has tendered for payment various expenses associated with remediating soil and groundwater contamination from lifts and drains at the Covered Location and otherwise denies the truth of all other allegations set forth in paragraph "11" of the Complaint.

### JURISDICTION

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

### VENUE

13.    In response to paragraph "13" of the Complaint, WSLIC denies that it waived any potential defense based on venue or inconvenience of forum, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "13" of the Complaint.

### PARTIES

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15.    Admits the truth of the allegations set forth in paragraph "15" of the Complaint.

### THE INSURANCE POLICY

16.    In response to paragraph "16" of the Complaint, admits only that WSLIC issued the Policy to "Bond Capital, Ltd. or its assignee Bond CC Oakland, LLC."

17.    In response to paragraph "17" of the Complaint, admits only that Bond is one of the Policy's Named Insureds.

3

18.    In response to paragraph "18" of the Complaint, admits only that the Policy is subject to several insuring agreements, terms and conditions, all of which speak for themselves, and otherwise denies that Bond's costs associated with remediating soil and groundwater from lifts and drains at the Covered Location qualify for coverage under Insuring Agreement I.A. of the Policy.

19.    Denies the truth of the allegations as set forth in paragraph "19" of the Complaint.

20.    Denies the truth of the allegations as set forth in paragraph "20" of the Complaint.

21.    Denies the truth of the allegations as set forth in paragraph "21" of the Complaint.

22.    In response to paragraph "22" of the Complaint, WSLIC refers the Court to Insuring Agreement I.A. of the Policy for the coverage afforded thereunder, which speaks for itself, and otherwise denies that Bond's consultant's fees associated with remedial efforts at the lifts and drains qualify for coverage under Insuring Agreement I.A. of the Policy.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24.    Denies the truth of the allegations as set forth in paragraph "24" of the Complaint.

25.    In response to paragraph "25" of the Complaint, WSLIC refers the Court to Insuring Agreement I.G. of the Policy for the coverage afforded thereunder, which speaks for itself, and otherwise denies that it has denied coverage to Bond.

4

26.     Denies the truth of the allegations set forth in paragraph "26" of the Complaint.

27.     Denies the truth of the allegations as set forth in paragraph "27" of the Complaint.

28.     Denies the truth of the allegations as set forth in paragraph "28" of the Complaint.

29.     In response to paragraph "29" of the Complaint, WSLIC admits only that an actual controversy exists as between it and Bond concerning whether the costs for which Bond is seeking coverage fall within Insuring Agreement I.A. of the Policy or Insuring Agreement I.G. of the Policy.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

30.     In response to paragraph "30" of the Complaint, WSLIC reiterates and realleges its responses to paragraphs "1" through "29" of the Complaint as if fully set forth herein.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the truth of the allegations as set forth in paragraph "32" of the Complaint.

33.     Denies the truth of the allegations as set forth in paragraph "33" of the Complaint.

34.     Denies the truth of the allegations as set forth in paragraph "34" of the Complaint.

## SECOND CLAIM FOR RELIEF

**(Bad Faith Breach of the Implied Covenant of Good Faith and Fair Dealing)**

35.     In response to paragraph "35" of the Complaint, WSLIC reiterates and realleges its responses to paragraphs "1" through "34" of the Complaint as if fully set forth herein.

36.     Paragraph "36" of the Complaint sets forth an improper and incorrect legal conclusion to which no response is required.

37.     In response to paragraph "37" of the Complaint, WSLIC admits only that Bond is entitled to recover "excess remediation costs," as appropriate and as otherwise covered, in excess of the applicable self-insured retention under Insuring Agreement I.G. of the Policy, but that Bond has disputed that its costs associated with remediating soil and groundwater contamination from lifts and drains at the Covered Location falls within Insuring Agreement I.G. of the Policy.

38.     Denies the truth of the allegations as set forth in paragraph "38" of the Complaint.

39.     Denies the truth of the allegations as set forth in paragraph "39" of the Complaint.

40.     Denies the truth of the allegations as set forth in paragraph "40" of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

41.     In response to paragraph "41" of the Complaint, WSLIC reiterates and realleges its responses to paragraphs "1" through "40" of the Complaint as if fully set forth herein.

6

42.    Paragraph "42" of the Complaint does not state an allegation against WSLIC for which a response is required.  WSLIC denies the truth of any allegations that imply that WSLIC acted improperly.

43.    Paragraph "43" of the Complaint does not state an allegation against WSLIC for which a response is required.

## FIRST AFFIRMATIVE DEFENSE

44.    The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

45.    The amounts for which plaintiff is seeking coverage relate to plaintiff's Remediation Work Plan and/or Revised Remediation Work Plan and therefore qualify for coverage only under Insuring Agreement I.G. of the Policy relating to "excess remediation costs" and not under Insuring Agreement I.A. of the Policy relating to "remediation costs."

## THIRD AFFIRMATIVE DEFENSE

46.    The liability of WSLIC, if any, is subject to the Policy's applicable limit of liability and all applicable terms, provisions, conditions and exclusions.

## FOURTH AFFIRMATIVE DEFENSE

47.    WSLIC is liable for "excess remediation costs" only to the extent they are necessary to complete the Revised Remediation Work Plan, and are otherwise covered under the Policy.

## FIFTH AFFIRMATIVE DEFENSE

48.    The relief sought in the Complaint is barred by the applicable statute of limitations, doctrines of estoppel, res judicata, issue preclusion, waiver and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

49.    No justiciable case or controversy ripe for adjudication exists between WSLIC and plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

50.    Venue of this action is or may be improper, or otherwise inappropriate under the doctrine of forum non conveniens, and WSLIC reserves the right to move for transfer.

## EIGHTH AFFIRMATIVE DEFENSE

51.    Plaintiff's second cause of action for Bad Faith Breach of Implied Covenant of Good Faith and Fair Dealing is not cognizable under applicable law.

## NINTH AFFIRMATIVE DEFENSE

52.    This Court lacks jurisdiction over WSLIC, or should decline to exercise jurisdiction.

## TENTH AFFIRMATIVE DEFENSE

53.    WSLIC fully reserves its right to assert additional defenses upon further investigation and discovery.

**WHEREFORE,** defendant Westchester Surplus Lines Insurance Company demands judgment dismissing plaintiffs' complaint in its entirety together with costs and disbursements of this action and for such other and further relief as this Court deems just and proper.

Dated: Hawthorne, New York
August 15, 2008

TRAUB LIEBERMAN STRAUS &
SHREWSBERRY LLP

_____
Meryl R. Lieberman
Brian Margolies
*Attorneys for Westchester Surplus Lines*
*Insurance Company*
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, NY 10532
(914) 347-2600

To:

Jeffrey M. Eilender
Andrew S. Harris
Schlam Stone & Dolan LLP
26 Broadway
New York, NY 10004
(212) 344-5400

Michael S. Taitelman
Rick Xia
Freedman & Taitelman, LLP
1901 Avenue of the Stars, Suite 500
Los Angeles, CA 90067
(310) 201-0005

*Attorneys for Plaintiff*